**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HUNTER ROBERTS CONSTRUCTION GROUP, LLC : <br> 55 Water Street, 51st Floor : <br> New York, NY 10041 : <br> Plaintiff, : <br> : <br> v. : <br> : <br> CAPCO STEEL, LLC a/k/a a/t/a CAPCO STEEL : <br> ERECTION COMPANY : <br> 25c Acorn Street, Suite 217 : <br> Providence, RI 02903 : <br> : <br> : <br> Defendant. : | 16- CV - _____ |

## COMPLAINT IN CIVIL ACTION

Plaintiff Hunter Roberts Construction Group LLC ("Hunter Roberts") brings this action (the "Action") against the Defendant Capco Steel, LLC a/k/a a/t/a Capco Steel Erection Company ("Capco Steel"), and in support thereof avers as follows:

### PARTIES

1.      Plaintiff Hunter Roberts is a limited liability company organized and existing under the laws of the State of Delaware with a principal place of business located at 55 Water Street, 51st Floor, New York, NY 10041. At all times relevant hereto, Hunter Roberts was authorized to conduct business in the State of New York.

2.      The sole member of Hunter Roberts is Hunter Roberts Holdings, LLC, a limited liability company organized and existing under the laws of the State of Delaware with a principal place of business located in Oklahoma.

3.      None of the members of Hunter Roberts Holdings, LLC are citizens of the State of Rhode Island.

4.      Upon information and belief, Capco Steel is a limited liability company organized and existing under the laws of the State of Rhode Island with a principal place of business located at 25c Acorn Street, Suite 217, Providence, RI 02903.

5.      Upon information and believe, each of the members of Capco Steel is a citizen of the State of Rhode Island.

## JURISDICTION AND VENUE

6.      The Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because the parties are citizens of different states and the matter in controversy exceeds $75,000.00.

7.      Venue is proper in the Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim herein occurred in this judicial district, as this dispute involves work on a construction project located in New York, New York.

8.      Venue is further proper in this Court under 28 U.S.C. § 1391(b)(3) as Capco Steel is subject to the personal jurisdiction of any court in this judicial district.

## FACTUAL BACKGROUND

9.      After Manhattan College's Miles and Shirley Fiterman Hall ("Fiterman Hall") was irreparably damaged during the September 11, 2001 attack on the World Trade Center, the Dormitory Authority of the State of New York ("DASNY") decided to demolish the old structure and rebuild Fiterman Hall. Fiterman Hall is located at 30 West Broadway, New York, NY.

10.     To that end, in or around 2010, Hunter Roberts entered into a general contract for construction (the "General Contract") with DASNY for the purposes of rebuilding Fiterman Hall (the "Project").

11.     Consistent with the terms of the General Contract, on or about April 6, 2010,

Hunter Roberts entered into a subcontract with Capco Steel (the "Subcontract"), whereby Capco Steel agreed to perform the Architectural Stairs and Rails work (including labor, equipment, and materials) as a subcontractor on the Project (the "Work" or the "Work on the Project").  A true and correct copy of the Subcontract is attached hereto as Exhibit 1. The "Architectural Stairs and Rails" work is defined further by Exhibit A to the Subcontract and the relevant specifications and drawings.

12.      Capco Steel was to perform all the Work in consideration for the contract price of $3,000,000.00, subject to additions and deletions per the terms of the Subcontract.

13.      During the course of the Project, the Subcontract's price was adjusted by change order to $4,211,720.00.

14.      Capco Steel's work was problematic for several reasons, including DASNY's rejection of Capco Steel's mock up for the architectural steel for the stairs, Capco Steel's struggle to meet the Project schedule, fabrication delays, Capco Steel's failure to deliver material and labor to the Project sufficient to progress towards Project completion, and Capco Steel's failure to pay its sub-tiers and vendors.

15.      Due to Capco Steel's failure to comply with the terms of the Subcontract, including the failures in its work performance described above, Capco Steel was in default of the Subcontract.

16.      Pursuant to the terms of the Subcontract, on March 13, 2012, Hunter Roberts served Capco Steel with a written three-day notice to cure its defaults (the "Default Notice"). A true and correct copy of the Default Notice is attached hereto as Exhibit 2.

17.       Capco Steel took no action in response to the Default Notice and failed to resume work on the Project.

18.     Per the terms of the Subcontract, on March 20, 2012, after Capco Steel failed to comply with the terms of the Default Notice, Hunter Roberts terminated the Subcontract, but reserved all rights to pursue Capco Steel for any losses sustained ("Termination"). A true and correct copy of the Termination is attached hereto as Exhibit 3.

19.     At Termination, $1,609,686.15 was all that was due for Capco Steel's Work, and Capco Steel was paid that amount.

20.     After Termination, the available Subcontract balance was $2,602,033.85.

21.     To complete, repair, and/or finalize Capco Steel's Subcontract, Hunter Roberts was required to hire other subcontractors.

22.     To complete, repair, and/or finalize Capco Steel's work, Hunter Roberts spent $3,070,331.00, which include sums in excess of the remaining Subcontract balance. In addition, Hunter Roberts was required to "bond off" certain liens filed by Capco Steel, which cost $27,440.00, and has contingent claims related to Capco Steel's unpaid vendors in the amount of $28,115.00.

23.     Exclusive of attorneys' fees and costs, which are collectable under the Subcontract, Hunter Roberts has exceeded the Subcontract Balance by $523,852.15, which represents actual damages suffered by Hunter Roberts, which continue to accrue and are subject to amendment.

24.     Hunter Roberts also incurred certain internal, administrative costs in completing the Work for which it is entitled to recovery. At this time, these costs have not been finalized.

25.     As a result of these and other breaches of the Subcontract, Hunter Roberts has suffered, and continues to suffer, damages for which Capco Steel is solely responsible. Those damages exceed $75,000.00.

26.     Hunter Roberts has satisfied all conditions prerequisite to suit.

## COUNT I – BREACH OF CONTRACT

27.     Plaintiff incorporates by reference the allegations found in Paragraphs 1 through 23 as though set forth at length herein.

28.     Hunter Roberts and Capco Steel were parties to the Subcontract, whereby Capco Street agreed to perform work on the Project for consideration.

29.     Hunter Roberts performed its obligations under the Subcontract and paid Capco Steel in full for the Work Capco Steel performed.

30.     As discussed *supra*, the Subcontract was properly terminated by Hunter Roberts.

31.     Pursuant to Article 13.4 of the Subcontract, upon Termination, Hunter Roberts has the following contractual rights:

> In the event of a Subcontractor default, the Subcontractor shall pay, immediately upon demand therefor, all costs, losses, damages and expenses, including, without limitation, all attorneys' fees (collectively, the "Costs") incurred by Hunter Roberts or the Owner in connection with or as a result of any default by the Subcontractor or the exercise of any right or remedy upon the Subcontractor's default.  If the Subcontractor does not pay the Costs immediately, Hunter Roberts may withhold and deduct all Costs from any payments of the Subcontract Price.  If payments due to the Subcontractor for completed portions of the work are not sufficient to cover the Costs, the Subcontractor immediately shall pay to Hunter Roberts the full amount of any such excess with interest thereon at the maximum interest rate permitted by law.  The liability of the Subcontractor hereunder shall extend to and include the full amount of Costs incurred and obligations assumed by Hunter Roberts or the Owner in good faith under the reasonable belief that such Costs or obligations were necessary or required, whether actually necessary or required or not, (a) in protecting and completing the Work and providing labor, materials, equipment, supplies and other items in connection therewith or in recontracting the Work, and (b) in settlement,

> discharge or compromise of any claims, demands, suits, and judgments pertaining to or arising out of the Work. An itemized statement of such obligation and payments shall be prima facie evidence of the Subcontractor's liability.

*See* Exhibit 1 at Article 13.4 (emphasis added).

32.     As discussed *supra*, Hunter Roberts has suffered and continues to suffer substantial damages due to Capco Steel's breaches of the Subcontract.

WHEREFORE, Plaintiff Hunter Roberts Construction Group LLC hereby demands judgment against the Defendant Capco Steel, LLC a/k/a a/t/a Capco Steel Erection Company for damages in excess of $75,000.00, plus pre-judgment interest, attorneys' fees, court costs, and such other relief as the Court may deem equitable and just.

## COUNT II – CONTRACTUAL INDEMNIFICATION

33.     Plaintiff incorporates by reference the allegations found in Paragraphs 1 through 29 as though set forth at length herein.

34.     Hunter Roberts and Capco Steel were parties to the Subcontract, whereby Capco Steel agreed to perform the Work on the Project for consideration.

35.     Pursuant to Article 13.4 of the Subcontractor, quoted *supra*, Capco Steel also agreed to certain indemnity obligations.

36.     As discussed *supra*, Capco Steel defaulted under the Subcontract and was properly terminated by Hunter Roberts.

37.     Subsequent to Termination, Hunter Roberts incurred, and continues to incur, substantial costs due to Capco Steel's default.

38.     Pursuant to the Subcontract, Capco Steel must compensate Hunter Roberts for all costs associated with its default.

39.     At this time, Capco Steel has refused to do so.

PHIL1 5216422v.2

WHEREFORE, Plaintiff Hunter Roberts Construction Group LLC hereby demands judgment against the Defendant Capco Steel, LLC a/k/a a/t/a Capco Steel Erection Company for damages in excess of $75,000.00, plus pre-judgment interest, attorneys' fees, court costs, and such other relief as the Court may deem equitable and just.

## COUNT III– UNJUST ENRICHMENT

40.     Plaintiff incorporates by reference Paragraphs 1 through 36 as though set forth at length herein.

41.     In making payments to Capco Steel, Hunter Roberts relied upon Capco Steel's representations and certifications that it fully paid all sub-subcontractors, vendors, and laborers.

42.     Portions of the funds paid to Capco Steel by Hunter Roberts were to be paid to Capco Steel's sub-subcontractors, vendors, and laborers.

43.     As detailed above, Capco Steel has not paid all of its sub-subcontractors, vendors, and laborers in full and has retained the benefit of these funds.

44.     Capco Steel continues to improperly retain the benefit of these funds.

45.     As a result of Hunter Roberts' payment and Capco Steel's failure to pay its sub-subcontractors, vendors, and laborers in full, Capco Steel has been unjustly enriched.

46.     Allowing Capco Steel to retain the benefit provided by Hunter Roberts would be against equity and good conscience.

WHEREFORE, Plaintiff Hunter Roberts Construction Group LLC hereby demands judgment against the Defendant Capco Steel, LLC a/k/a a/t/a Capco Steel Erection Company for damages in excess of $75,000.00, plus pre-judgment interest, attorneys' fees, court costs, and such other relief as the Court may deem equitable and just.

Philadelphia, Pennsylvania
February 10, 2016

**KLEHR HARRISON HARVEY BRANZBURG LLP**

By:       */s/ Gaetano P. Piccirilli*

Gaetano P. Piccirilli, Esq.
Paige M. Willan, Esq.
1835 Market Street, 14th Floor
Philadelphia, PA 19103
Telephone:  215-569-2700
gpiccirilli@klehr.com
pwillan@klehr.com

*Attorneys for Plaintiff,*
*Hunter Roberts Construction Group, LLC*